*302 After hearing argument in this case, chancellor Hut-xedgb delivered the decree of the court as follows:. — The defendant has demurred because the bill does not contain ma^er °t erlllity sufficient to establish any right or demand against him. What is a demurrer? It is an alie-S‘a^on °f the defendant which (admitting the matters of fact alleged by the bill to be true as they are therein set *303 forth) insists they are insufficient for plaintiff to oblige defendant to answer — .Let us see whether this demurrer can he supported. The bill charges that the defendant’s testator left complainant legacies to be paid out of monies, bonds, treasury indents, &c. — which legacies should be placed at interest and paid when complainant should attain twenty-one years of age, or day of marriage. That . after testator’s death the defendant possessed himself of all the bonds, &c. — never returned an inventory of the estate or any schedule of money, &c. — and never rendered an account of his administration: That judgments to a considerable amount have been obtained against Mm: That as the greatest part of estate the defendant possessed was originally the testator’s, it is hut reasonable the legacies should be secured out of bonds of the testator, or by a specific lien on his estate prior to the creditors of defendant: That he has refused to render an account to complainant or to secure the legacies — The bill therefore prays a discovery of assets, how he has disposed of them, and that he may be compelled to pay the legacies, or assign over bonds for that purpose. If these alleged facts are true, which the demurrer admits — Is there any foundation for supporting the demurrer? Although the complainant may not be entitled to immediate possession of the legacies, yet it is the business of this court on application to see that the executor secures them agreeable to the testator’s directions. It was never doubted that this court had authority to call executors to an account; and to require and enforce a faithful administration of the assets of the testator. It is true the probate of wills, and the return of inventories is within the peculiar jurisdiction of ecclesiastical court; and the defendant might be called on there to do it: but that court cannot enforce obedience to its decrees in so compulsory a manner, nor give such complete and effectual remedy as this court can. This court will not arbitrarily interpose its authorities by obliging executors to give security, they being appointed by testator himself, and undoubtedly in his confidence: but it is suggested that he is wasting the assets, and persons interested are likely to be injured. There *304 can be no doubt of the power of the court to interfere; and though it might not in the present case perhaps take the property out of the executor’s hands, yet it will take care that he secures the legacies so that complainant may receive them when they shall become due or payable. The demurrer was overruled; and the defendant ordered to answer.